IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK HYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-040 |
| | ) | Judge Stephanie L. Haines |
| ERIC TICE, *et al.*, | ) | Magistrate Judge Christopher B. Brown |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

Presently before the Court is a Complaint in Civil Action pursuant to 42 U.S.C. § 1983 filed *pro se* by Frank Hyman ("Hyman") (ECF No. 1-2). Hyman asserts that while he was incarcerated at the State Correctional Institution at Somerset ("SCI-Somerset") he suffered violations of his Eighth (cruel and unusual punishment) and Fourteenth Amendments (equal protection and due process). He also asserts he was retaliated against under the First Amendment when he reported sexual misconduct of a corrections officer. Along with his federal claims he asserts various state tort claims.

The named defendants in the case are corrections officers who were working at SCI-Somerset at the time of the incident at issue as well as other employees who were part of the prison grievance system. Defendant Pirl is alleged to have watched Hyman while Hyman was exposed using the restroom and at this time to have threatened Hyman to withdraw a pending grievance. Due to this encounter Hyman filed a Prison Rape Elimination Act ("PREA") claim against Pirl. After this, Hyman claims to have suffered various injustices such as wrongly being accused of having alcohol and drugs in the prison. He asserts that these false accusations and resulting punishments were performed in retaliation. Next, Hyman states that at the misconduct hearing

held for the false infractions, Defendant Knepper did not give him a fair hearing and found Hyman guilty sentencing Hyman to 60 days in the restricted housing unit. Finally, Hyman accuses Defendants Caro, Bowers, Shaffer, Tice, and Moslak of not adequately reviewing the evidence at various levels of appeal and wrongly upholding Knepper's decision.[1]

On April 8, 2025, all named Defendants ("Defendants") filed a Partial Motion to Dismiss for Failure to State a Claim (ECF No. 4) with supporting Brief (ECF No. 5). Defendants sought to dismiss Hyman's claims against Pirl, Salyers, Caro, Bowers, Shaffer, and Moslak as well as any claim of retaliation, due process, conspiracy, and intentional infliction of emotional distress. On June 20, 2025, Hyman filed a Response in Opposition to the Partial Motion to Dismiss (ECF No. 16). The fully briefed Motion to Dismiss was referred to Magistrate Judge Christopher B. Brown for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On November 12, 2025, Magistrate Judge Brown filed a Report and Recommendation (ECF No. 20) recommending that the Motion to Dismiss (ECF No. 4) be granted in part and denied in part. It was recommended that the Court grant the Motion to Dismiss as to the official capacity claims against Tice and Moslak, and the Fourteenth Amendment due process claim in total with prejudice. The Parties were advised of their deadlines to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 20) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant

---

[1] A full and comprehensive recitation of the facts is provided in Magistrate Judge Brown's Report and Recommendation. ECF No. 20, pp. 3-6.

to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Brown in this matter. Judge Brown correctly found that Defendants Tice and Moslak, who were sued in their individual *and* official capacities, are protected from suit under Eleventh Amendment Immunity. As to all Defendants sued under Fourteenth Amendment procedural due process in their individual capacities, including Knepper, Caro, Bowers, and Shaffer, the Magistrate Judge found that Hyman's claim fails as a matter of law because Hyman was not deprived of a protected liberty interest. This Court agrees. Finally, this Court finds Defendants' arguments unavailing that Hyman did not sufficiently plead personal involvement, retaliation, conspiracy, and state tort claims. Nor does this Court agree with the proposition that Defendants benefit from sovereign immunity.

In concert with Judge Brown, this Court finds that the case should proceed as to Defendants Orner, Pirl, and Salyers and the following claims against them: (1) First Amendment retaliation and related conspiracy claim under 42 U.S.C. § 1983; (2) state claim of intentional infliction of emotional distress; and (3) a state claim of civil conspiracy. The claims of Fourteenth Amendment equal protection and Eighth Amendment failure to protect under 42 U.S.C. § 1983 may also proceed in litigation as to the yet unnamed Doe Defendant.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 17th day of February, 2026, IT IS ORDERED that the Partial Motion to Dismiss (ECF No. 4) hereby is GRANTED in part and DENIED in part; and,

IT IS FURTHER ORDERED that Magistrate Judge Brown's Report and Recommendation (ECF No. 20) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Plaintiff's claims as to Defendants Tice and Moslak in their official capacities are DISMISSED with prejudice; and

IT IS FURTHER ORDERED that Plaintiff's claims as to Defendants Tice, Moslak, Knepper, Caro, Bowers, Shaffer, under Fourteenth Amendment procedural due process are DISMISSED with prejudice; and

IT IS FURTHER ORDERED that the Clerk of Court shall terminate Defendants Tice, Moslak, Knepper, Caro, Bowers, and Shaffer as defendants in this case.

This case is returned to the jurisdiction of the Magistrate Judge for further proceedings as to Defendants Orner, Pirl, and Salyers and the following claims against them:   (1) First Amendment retaliation and related conspiracy claim under 42 U.S.C. § 1983; (2) state claim of intentional infliction of emotional distress; and (3) a state claim of civil conspiracy.  The claims of Fourteenth Amendment equal protection and Eighth Amendment failure to protect under 42 U.S.C. § 1983 may also proceed in litigation as to the yet unnamed Doe Defendant.

s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge

Frank Hyman
JZ-6112
SCI Dallas
1000 Follies Road
Dallas, PA  18612
Pro Se

4